# In the United States Court of Federal Claims

No. 23-1365 C

(Filed: December 19, 2023)

```
* * * * * * * * * * * * * * * * * * * *
                                      *
SHAKEEMAH ARYANAH RICHARDSON,         *
                                      *
                  Plaintiff,          *
                                      *
      v.                              *
                                      *
THE UNITED STATES,                    *
                                      *
                  Defendant.          *
                                      *
* * * * * * * * * * * * * * * * * * * *
```

*Shakeemah Aryanah Richardson*, *pro se*, of Stone Mountain, Georgia.

*Ioana C. Meyer*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were, *L. Misha Preheim*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brian M. Boynton*, Principal Deputy Assistant Attorney General, all of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff Shakeemah Aryanah Richardson filed suit in this Court alleging breach of contract by the United States and miscellaneous other claims. As explained below, because the complaint does not plausibly allege a contract with the federal government and the relief Plaintiff seeks is in actuality against the state of Georgia, the Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, the government's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") is granted.

## BACKGROUND

As far as this Court can ascertain, Ms. Richardson is the subject of several pending cases in the district court of Gwinnett County, Georgia. She brought this lawsuit seeking dismissal of her pending cases in the Gwinnett County court with prejudice and compensation for her related injuries. ECF No. 1 at 3.

Ms. Richardson referred to her complaint as an "Emergency Petition," citing "breaches of contracts involving the federal government, Due process Bid protests and miscellaneous

1

Damages." ECF No. 1 at 1. She claims to be domiciled in Stone Mountain, Georgia, a state national of Georgia, and a member of the Georgia Assembly. *Id.* at 2. She also claims to possess diplomatic immunity but stands "on Land Soil jurisdiction under public law, not the statutory." *Id.* Under her claim for relief, Ms. Richardson requests "the District magistrate court for Gwinnett County, Georgia to Restore my good name[,] close out all pending cases against [me, and] dismiss all cases with prejudice with written confirmation." ECF No. 1 at 3. She also requests compensation for the above claim. *Id.*

The government moved to dismiss Plaintiff's complaint under RCFC 12(b)(1) for lack of subject matter jurisdiction. ECF No. 7.

## DISCUSSION

### A. Legal Standard

Like all federal courts, the United States Court of Federal Claims is a court of limited jurisdiction. The primary grant of jurisdiction to this Court stems from the Tucker Act, under which this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 23 U.S.C. § 1491(a)(1). The Tucker Act itself does not create a right to monetary damages against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, the right to monetary damages must appear in another source of law. *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Circ. 1994) (en banc). Stated differently, a "claim against the United States" must be supported by a "separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)).

Although Ms. Richardson is a *pro se* litigant entitled to a lower standard for formal pleadings than lawyers, she still bears the burden of establishing the Court's jurisdiction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and must do so by a "preponderance of the evidence," *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a plaintiff fails to demonstrate jurisdiction over his or her complaint by a preponderance of the evidence, the Court must dismiss the case. RCFC 12(h)(3).

### B. Analysis

Plaintiff has clearly failed to establish the Court's jurisdiction over her case. Plaintiff has identified no source of law that provides a source for monetary damages against the United States. *See generally* ECF No. 1. While Plaintiff recognized the importance of jurisdiction when discussing the charges brought against her in Gwinnett County, her concern with jurisdiction does not seem to extend to this Court. ECF No. 9 at 34. Indeed, although Plaintiff argued against the Gwinnett County court's jurisdiction by the correct standard of preponderance of the evidence, she supplied no such allegations to support this Court's jurisdiction. *Id.*; *see also* ECF No. 1.

Even if Plaintiff attempted to establish jurisdiction, such an attempt would almost certainly have been futile given the complaint's allegations. First, the Court lacks jurisdiction over claims against any parties other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). As such, the Court does not possess jurisdiction to review the proceedings of state and local courts, much less jurisdiction to order such a court to dismiss a pending case. *See, e.g., D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("[Lower federal courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (citations omitted).

Second, although Plaintiff initially appears to claim a breach of contract against the federal government, she has not plausibly alleged the existence of such a contract. For the Court to have jurisdiction over a breach of contract claim, the "complaint must 'allege facts establishing the existence of a contract with the government.'" *Harlem Globetrotters Int'l, Inc. v. United States*, 168 Fed. Cl. 31, 37 (2023) (quoting *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1381 (Fed. Cir. 2019)). A contract with the federal government only exists if four elements are met: "(1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract." *Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008) (citations omitted). Although Plaintiff was not required to prove these elements at this stage in the litigation, she had to plausibly allege their existence. Yet Plaintiff has not alleged anything related to these four elements. There are no alleged facts supporting there was a mutuality of intent to contract with the federal government. She also has not alleged the existence of consideration for a contract. Additionally, far from alleging a lack of ambiguity in the offer and acceptance of a contract, the only allegation of a contract is the single sentence claiming that this alleged contract has been breached. ECF No. 1. In fact, she provided no information regarding any aspect of a contract between herself and the federal government besides this one bare allegation of breach. *Id.* at 1 ("The grounds for filing this case in the United States Court of Federal Claims for breaches of contracts involving the federal government . . . ."). But a complaint must do more than "tender[ ] naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

Third, Plaintiff seems to cite the Due Process Clause and a number of statutory provisions in title 18 of the United States Code to support her claim. ECF No. 1 at 2. These citations do not aid her jurisdictional efforts. *See, e.g.*, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the "Due Process Clauses of the Fifth and Fourteenth Amendments" are not "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code and the due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation."); *Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2016) ("[T]he principle that [the Court of Federal Claims] do[es] not exercise

jurisdiction over criminal claims has been universally and thoroughly well-established by decisions of our court, never once disturbed on appeal.").

Finally, the Court must note that Plaintiff's claims appear to rest upon tenets of the sovereign citizen theory. For instance, Plaintiff claims that she is an "American State National" not subject to the laws of the United States or of her home state of Georgia. *See* ECF at 2; ECF No. 1-2 at 25–32, 47. Despite the imprecision of Plaintiff's claims in relation to sovereign citizen theory, this theory adds no support to Plaintiff's assertion of the Court's jurisdiction. Indeed, this Court has consistently held sovereign citizens' monetary claims to be frivolous and dismissed them for lack of jurisdiction. *Potter v. United States*, 161 Fed. Cl. 24, 29 (2022) (dismissing the claims of an adherent of sovereign citizen theory, stating that "[t]here is no jurisdiction in this court for fictitious claims. . . . Like other monetary claims of sovereign citizens this court has considered, plaintiff's claim must be dismissed for lack of jurisdiction") (citing *Ammon v. United States*, 142 Fed. Cl. 210, 220 and *Gravatt v. United States*, 100 Fed. Cl. 279, 285, 288 (2011)).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

                                                    s/ Zachary N. Somers
                                                    ZACHARY N. SOMERS
                                                    Judge